IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LESLIE RENEE CHILDERS, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:15-cv-009-WKW-TFM |
| | ) | |
| SIBLEY G. REYNOLDS, | ) | |
| | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Pursuant to 28 U.S.C. § 636(b)(1) this case was referred to the undersigned United States Magistrate Judge for review and submission of a report with recommended findings of fact and conclusions of law (Doc. 6, filed January 8, 2015). For good cause, the Magistrate Judge recommends that this case be dismissed prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).[1]

### I. INTRODUCTION

The Plaintiff, who is proceeding *pro se*, filed this action pursuant to 42 U.S.C.§ 1983 on January 7, 2015 alleging that Judge Reynolds, Circuit Court Judge of Chilton County, violated her due process rights by failing to take action on her appeal from the district court of Chilton County which resulted in Plaintiff having to move out of her home "without going to court of jury". (Doc. 1 pp. 1-2). The Plaintiff names as Defendant Judge Sibley G.

---

[1] The statute provides, in pertinent part:"[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

Reynolds, Circuit Judge of Chilton County. The Complaint seeks "$1,000,000.00 total damages." (Doc. 1 p. 2).

On January 13, 2015, this Court entered an Order granting Plaintiff's application to proceed *in forma pauperis*. (Doc. 7). In *forma pauperis* proceedings are governed by 28 U.S.C.§ 1915 which requires this court to conduct a preliminary review of the complaint to ensure the action is not "frivolous or malicious," "fails to state a claim on which relief can be granted," or "seeks monetary relief against a defendant who is immune from such relief." *See* 28 U.S.C.§ 1915(e)(2)(B).

## II. DISCUSSION AND ANALYSIS

Initially, the Court must address whether it has subject matter jurisdiction over Plaintiff's claims. *See Mitchell v. Brown & Williamson Tobacco Corp.* 294 F.3d 1309, 1314 (11th Cir. 2002) (The court has an "independent obligation" to determine whether it has jurisdiction.) (Citations omitted). As Plaintiff proceeds *pro se*, the court will liberally construe the allegations of his complaint. *See Alba v. Montford,* 517 F.3d 1249, 1252 (11th Cir. 2008). Plaintiff alleges a violation of her Fourteenth Amendment due process rights pursuant to 42 U.S.C. § 1983. Section 1983 provides a remedy when a person acting under color of law deprives a plaintiff of a right, privilege, or immunity secured by the Constitution, laws, or treaties of the United States. *See* 42 U.S.C. § 1983.[2] Plaintiff brings her due process

---

[2] Section 1983 provides in relevant part:

Every person who, under color of any statute, ordinance, regulation, custom,

claims pursuant to §1983; therefore, she arguably invokes the Court's federal question jurisdiction pursuant to 28 U.S.C. § 1331.[3]  Indeed, the Due Process Clause of the Fourteenth Amendment prohibits a state from depriving a person of "life, liberty, or property, without due process of law." U.S. CONST. AMEND. XIV § 1.

The law, however, is clear that judicial defendants are absolutely immune from suits for money damages arising from acts performed in their judicial capacity. *Mireles v. Waco,* 502 U.S. 9, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991).(Citations omitted).  Plaintiff seeks "$1,000,000.00 total damages" against Judge Reynolds for his actions or inactions on her appeal from the district court of Chilton County which resulted in Plaintiff having to move out of her home "without going to court by jury". (Doc. 1 p. 1).  Specifically, Plaintiff seeks damages for the "Writ of Possession" entered by Judge Reynolds in the Unlawful Detainer action before him in state court and for his failure to provide relief from that Writ. (Doc. 1, Attach.2 at p.4).  Thus, it is clear that Defendant Reynolds is absolutely immune from monetary damages, as claimed by Plaintiff, because his actions or inactions, as Plaintiff alleges, were performed in his official capacity as Judge.

---

      or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

[3]Section 1331 provides that federal "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

Reading the complaint liberally, as this court is required to do since Plaintiff filed *pro se, see Alba, id,* the court understands that Plaintiff may be asking this court to intervene in an ongoing state action and to require Judge Reynolds to take an affirmative action providing relief from the Writ of Possession entered by that court on November 26, 2014. (Doc. 1, Attach. 2 at p. 4). As the Supreme Court stated in *Mireles* "[l]ike other forms of official immunity, judicial immunity is an immunity from suit, not just from the ultimate assessment of damages." However, the *Mireles* court identified two sets of circumstances where the immunity is abrogated.

> "First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity." Second, a judge is not immune for actions, though judicial in nature, taken in complete absence of all jurisdiction."

*Id.* at 11. (Citations omitted).

As a matter of fact, neither of these circumstances applies in the instant action. First, as a sitting judge in the Circuit Court of Chilton County, Judge Reynolds has jurisdiction over a state law action for unlawful detainer filed in, or appealed to, his court from the state district court. Second, the act of issuing rulings on writs of possession in a case where a judge has jurisdiction is clearly an act within the "judge's judicial capacity." *Id.* Thus, the Court concludes that Judge Reynolds is immune from suit in this instance. Accordingly, because there is no viable cause of action against Judge Reynolds, the complaint against him is due to be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) because it fails to state a claim against him upon which relief maybe granted.

Finally, assuming Plaintiff is asking this court to intervene in the state court action, *Younger v. Harris,* 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971), and its progeny espouse a strong federal policy against federal court interference with pending state judicial proceedings absent extraordinary circumstances. *See Middlesex County Ethics Comm. v Garden State Bar Ass'n,* 457 U.S. 423, 431, 102 S.Ct. 2515, 2521, 73 L.Ed.2d 116 (1982). Indeed, the United States Supreme Court has directed that federal courts should refrain from deciding the merits of a case when (1) there is a pending state judicial proceeding; (2) the proceeding implicates important state interests; and (3) the parties have an adequate opportunity to raise any constitutional claims in the state court proceeding. *See Middlesex, id.* at 432. In the instant action, there is an on-going state court action presided over by Judge Reynolds, the sole defendant in this federal court action and involves a clear question of state law, i.e. whether Plaintiff is entitled to relief from the Writ of Possession entered in the Unlawful Detainer action filed in state court . Furthermore, Plaintiff may raise his due process claims in the underlying state lawsuit. Thus, the *Younger* doctrine requires this Court to refrain from interfering in the ongoing state lawsuit.

For the reasons stated above, the Court concludes that the complaint fails to state a claim upon which relief maybe granted, and therefore, warrants dismissal prior to service of process under 28 U.S.C. § 1915 (e)(2)(B).

### III. CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that this case

be DISMISSED without prejudice prior to service of process pursuant to 28 U.S.C. § 1915(e)(2)(B).

It is further ORDERED that the Plaintiff file any objections to the this Recommendation on or before **January 29, 2015.** Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party is objecting. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); *see Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

DONE this 13th day of January, 2015.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE